IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RASHID ROY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) C.A. No. 19-1927 (MN) |
| | ) |
| DAVID PIERCE, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | ) ) ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM**

Rashid Roy, Pro Se Petitioner

August 12, 2020
Wilmington, Delaware

*[Signature: Maryellen Noreika]*

**NOREIKA, U.S. DISTRICT JUDGE:**

In April 2011, the Delaware Superior Court convicted Petitioner of first degree murder, possession of a firearm during the commission of a felony, third degree assault, and terroristic threatening. *See State v. Roy,* 2016 WL 1621589, at *1 (Del. Super. Ct. Apr. 21, 2016). The Superior Court sentenced Petitioner to life imprisonment for the murder conviction and to an aggregate of twelve years at Level V incarceration, suspended after eleven years for decreasing levels of supervision, for the remaining convictions. *See Roy v. State*, 62 A.3d 1183, 1186 (Del. 2012); *State v. Roy*, 2016 WL 1621589, at *1 (Del. Super. Ct. Apr. 21, 2016). The Delaware Supreme Court affirmed Petitioner's convictions and sentences on direct appeal. *Roy*, 62 A.3d at 1192.

In 2016, Petitioner filed his first habeas petition in this Court challenging the 2011 convictions asserting: (1) post-conviction counsel provided ineffective assistance in Petitioner's first Rule 61 proceeding by failing to argue that the Delaware Supreme Court "misapprehended" the facts of a 911 call and by failing to allege that appellate counsel provided ineffective assistance on direct appeal; and (2) post-conviction counsel provided ineffective assistance in Petitioner's first Rule 61 proceeding by failing to allege that trial counsel provided ineffective assistance by not consulting with Petitioner and advising Petitioner of his right to testify during suppression hearings. *See Roy v. Metzger*, 2019 WL 1062492, at *4 (D. Del. Mar. 6, 2019). This Court denied the first petition as procedurally barred in March 2019. *Id*. at *7.

In October 2019, Petitioner filed the habeas Petition (D.I. 3) presently pending before the Court challenging the same 2011 convictions that Petitioner challenged in his 2016 petition. The instant Petition asserts that post-conviction counsel in Petitioner's first Rule 61 proceeding provided ineffective assistance by failing to allege that: (1) trial counsel and appellate counsel were

ineffective for not adequately arguing that his Fourth Amendment rights were violated (D.I. 3 at 5); (2) trial counsel and appellate counsel were ineffective for not adequately investigating a defense based on "extreme emotional distress" (D.I. 6 at 2); and (3) trial counsel was ineffective for not requesting a lesser-included instruction for first degree murder and third degree assault (D.I. 6 at 2). Petitioner also filed a Motion for Leave to Proceed *In Forma Pauperis* (D.I. 1), a Motion to Appoint Counsel (D.I. 5); and a Motion to Amend Petition (D.I. 6).

I. **LEGAL STANDARDS**

Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas application "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas application is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior application has been decided on the merits, the prior and new applications challenge the same conviction, and the new application asserts a claim that was, or could have been, raised in a prior habeas application. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

II. **DISCUSSION**

A preliminary review of the instant Petition reveals that it constitutes a second or successive habeas application within the meaning of 28 U.S.C. § 2244. First, the Petition challenges the same 2011 convictions that Petitioner challenged in his first federal habeas proceeding. Second, the dismissal of Petitioner's first habeas petition as procedurally barred constitutes an adjudication on the merits for § 2244 purposes. *See Hernandez v. Diguglielmo*, 2005 WL 331734, at *2 (E.D. Pa. Feb. 10, 2005) (collecting cases); *Rauso v. Pennsylvania Board*

*of Probation & Parole*, 2004 WL 1126283, at *1 (E.D. Pa. May 20, 2004) (in denying petitioner's § 2244 motion for leave to file a second or successive habeas petition, the "Third Circuit noted that the prior habeas petition had been dismissed for procedural default and that procedural default is a dismissal on the merits for purposes of requiring leave to file an application to file a second or successive habeas petition."). Third, Petitioner either did assert, or could have asserted the instant three grounds for relief in his first petition.

Because Petitioner does not allege, and the record does not indicate, that the Third Circuit Court of Appeals authorized the filing of the Petition, the instant second or successive Petition is unauthorized. *See* 28 U.S.C. § 2244(b)(3). In addition, the Court concludes that it would not be in the interest of justice to transfer this case to the Third Circuit, because nothing in the instant filing comes close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2). For these reasons, the Court will dismiss the instant unauthorized second or successive habeas Petition for lack of jurisdiction. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 petitions); 28 U.S.C. § 2244(b)(1); *Robinson*, 313 F.3d at 139.

## III. CONCLUSION

For the reasons set forth, the Court will summarily dismiss the instant Petition for lack of jurisdiction and the pending Motions as moot. The Court will decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.